1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| RAY E. BENNETT,  )<br><br>          Plaintiff,  )<br><br>     v.  )<br><br>STEPHANIE SMITH, et al.,  )<br><br>          Defendants.  ) | Case No. EDCV 08-1035-VAP (MLG)<br><br>ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |

     Plaintiff Ray Bennett filed this pro se complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101 ('ADA') on August 4, 2008. He paid the full filing fee of $350.00. The complaint names as defendants Stephanie Smith and Anthony Smith, who are apparently neighbors of Plaintiff. The complaint makes bizarre allegations against the Smiths, stating that they are evil people, who on July 20, 2008, stared him down and did not control their barking dog.  In addition he claims that Stephanie almost hit him with her car. Plaintiff claims he went to the Smiths' home with a gun and police were called. He wants the Smiths charged with criminal offenses and demands damages in the amount of $20,000,000.00.

     A district court is obliged to sua sponte raise questions of its subject matter jurisdiction. *Williams v. United Airlines, Inc.,*

1  500 F.3d 1019, 1021 (9th Cir. 2007). The Court shall do so here. Part
2  of Plaintiff's is brought under 42 U.S.C. § 1983 with an allegation
3  of a Fourth Amendment violation. "To state a claim under § 1983, a
4  plaintiff must allege the violation of a right secured by the
5  Constitution and laws of the United States, and *must show that the*
6  *alleged deprivation was committed by a person acting under color of*
7  *state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988)(emphasis added).
8  There is no showing or allegation that these defendants are clothed
9  with the authority of state law. Section 1983 provides no
10 jurisdiction for this Court to review Plaintiff's "civil rights"
11 claim.

12     The ADA prohibits discrimination by a covered entity against a
13 qualified individual with a disability in employment matters, 42
14 U.S.C. § 12112, or with respect to programs and benefits provided by
15 a public entity, 42 U.S.C. § 12132.  Plaintiff has not alleged that
16 he is a qualified individual under the act or that Defendants are a
17 covered or public entity within the meaning of the Act. Without such
18 a showing, there is no subject matter jurisdiction under the ADA.

19     The Court finds that Plaintiff's allegations arising from the
20 dispute with his neighbors does not vest the Court with subject
21 matter jurisdiction. Plaintiff shall show cause, on or before
22 September 5, 2008, why this action should not be dismissed.

23 Dated: August 18, 2008

24

25

26                            _____

27                            Marc L. Goldman
                             United States Magistrate Judge

28