O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| RAY E. BENNETT, | Case No. EDCV 08-1035-VAP (MLG) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION |
| v. | |
| STEPHANIE SMITH, et al., | |
| Defendants. | |

Plaintiff Ray Bennett filed this pro se complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101 ('ADA') on August 4, 2008. He paid the full filing fee of $350.00. The complaint names as defendants Stephanie Smith and Anthony Smith, who are apparently neighbors of Plaintiff. The complaint makes bizarre allegations against the Smiths, stating that they are evil people, who on July 20, 2008, stared him down and did not control their barking dog. In addition he claims that Stephanie almost hit him with her car. Plaintiff claims he went to the Smiths' home with a gun and police were called. He wants the Smiths charged with criminal offenses and demands damages in the amount of $20,000,000.00.

//

1   On August 18, 2008, Magistrate Judge Marc L. Goldman issued an
2 order directing Plaintiff to show cause, on or before September 5,
3 2008, why the complaint should not be dismissed for lack of subject
4 matter jurisdiction. It was sent to Plaintiff's last known address.
5 Plaintiff did not respond to the order to show cause in the time
6 allowed.

7   A district court is obliged to sua sponte raise questions of
8 its subject matter jurisdiction. *Williams v. United Airlines, Inc.*,
9 500 F.3d 1019, 1021 (9th Cir. 2007). Part of Plaintiff's complaint
10 is brought under 42 U.S.C. § 1983 with an allegation of a Fourth
11 Amendment violation. "To state a claim under § 1983, a plaintiff must
12 allege the violation of a right secured by the Constitution and laws
13 of the United States, and *must show that the alleged deprivation was*
14 *committed by a person acting under color of state law.*" *West v.*
15 *Atkins*, 487 U.S. 42, 48 (1988)(emphasis added). There is no showing
16 or allegation that these defendants are clothed with the authority
17 of state law. Section 1983 provides no jurisdiction for this Court
18 to review Plaintiff's "civil rights" claim.

19   The ADA prohibits discrimination by a covered entity against a
20 qualified individual with a disability in employment matters, 42
21 U.S.C. § 12112, or with respect to programs and benefits provided by
22 a public entity, 42 U.S.C. § 12132.  Plaintiff has not alleged that
23 he is a qualified individual under the act, or that these defendants
24 are a covered or public entity within the meaning of the Act. Without
25 such a showing, there is no subject matter jurisdiction under the
26 ADA.
27 //
28 //

1  The Court finds that Plaintiff's allegations arising from the dispute with his neighbors does not vest the Court with subject matter jurisdiction under 28 U.S.C § 1331 or 28 U.S.C § 1332. The Court can discern no other conceivable basis for the exercise of subject matter jurisdiction over these claims. It is therefore ordered that the complaint be dismissed with prejudice.

Dated: <u>September 11, 2008</u>

_____
Virginia A. Phillips
United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge